UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON ANDUJAR,

    Plaintiff,

                   Case No. 20-cv-1546-bhl

 v.

H&R BLOCK, et al.

    Defendants,

## ORDER

On October 6, 2020, Plaintiff Jason Andujar filed an employment discrimination complaint and a notice of right to sue letter issued by the EEOC. (ECF No. 1.) Andujar's *pro se* complaint alleges that his former employer, H&R Block, discriminated against him on the basis of his national origin, age, and disability and wrongfully terminated his employment. (*Id.*) Plaintiff also requested leave to proceed without prepayment of the filing fee (*in forma pauperis*), pursuant to 28 U.S.C. §1915. (ECF No. 2.)

When reviewing a request to proceed *in forma pauperis*, the Court first must review the plaintiff's motion for indigency and determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. §1915(a). Second, the Court must review and dismiss the complaint if "the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. §1915(e)(2)(B). Upon review of the plaintiff's filings, the Court will grant plaintiff's motion and authorize him to proceed without prepaying the filing fee.

Plaintiff is unable to afford the filing fee. In his affidavit, plaintiff states that his only source of income is $771 per month from Social Security. (ECF No. 2.) He does not own any property or other assets of value, does not have any bank accounts, and has monthly expenses of approximately $650 per month. (*Id.*) Based on plaintiff's assertions, the Court is satisfied that he is indigent for the purposes of proceeding *in forma pauperis*.

Andujar's complaint, construed liberally, is not patently frivolous or malicious, likely states a claim, and does not seek monetary relief from a defendant who is immune from such relief. In his complaint, Andujar alleges that H&R Block discriminated against him because he is Latino. (ECF No. 1.) He also alleges that, after he filed a discrimination complaint, the company retaliated against him and terminated his employment. (*Id.*) While not a robust pleading, the Court is satisfied that Andujar's complaint is sufficient to allow him to proceed past the *in forma pauperis* stage. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee, (ECF No. 2), is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshal's Service shall serve a copy of the complaint, waiver of service form and/or the summons, and this order upon defendants. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. §1921(b). The current fee for waiver of service packages is $8 per item. 28 C.F.R. §0.114(a)(2). Although Congress requires this court to order service by the U.S. Marshal's Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshal's Service.

**IT IS FURTHER ORDERED** that defendants shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on December 28, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge